## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PHILLIP JOASPH KNIGHT**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 06-4544**

**HARRY LEE, SHERIFF, ET AL.**                          **SECTION:  "C"(1)**

### PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Phillip Joasph Knight, a state inmate, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Sheriff Harry Lee, the Gretna Police Department, the Louisiana Department of Corrections, the Jena Correctional Center, and unidentified correctional officers.  In this lawsuit, plaintiff claims that he was mistreated during and after his evacuation from the Jefferson Parish Correctional Center due to Hurricane Katrina.  As relief, he seeks $10,000,000 in damages and better treatment at the Jefferson Parish Correctional Center.

A Spears hearing was held on October 3, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claim.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1]  At that hearing, plaintiff was sworn and his testimony was recorded.  Based

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

on his complaint and <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claim.

Plaintiff alleges that he was mistreated during the evacuation from the Jefferson Parish Correctional Center due to Hurricane Katrina.  He claims that he was restrained with plastic handcuffs and placed on a bus, where he remained for the duration of a two-day trip to the Jena Correctional Center in Jena, Louisiana.  During the trip, he was given nothing to eat and was not allowed access to a restroom.  Another bus hit a telephone pole and a wire fell on plaintiff's bus, causing him to jump up and hit the wall.

Once plaintiff arrived at the Jena Correctional Center, the officers at that facility cursed and physically abused the inmates.  Additionally, inmates were given only two or three minutes to eat.

Plaintiff testified that he sued the Gretna Police Department for arresting him on the criminal charge for which he is currently detained.  He alleges that he did not commit the crime with which he is charged.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[3] and fully considering his Spears hearing testimony, the Court

---

[2]  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

[3]  The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

finds that plaintiff's claims against the Louisiana Department of Public Safety and Corrections, the Jena Correctional Center, and the Gretna Police Department should be dismissed as frivolous, for otherwise failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

### Louisiana Department of Public Safety and Corrections

The Eleventh Amendment bars § 1983 lawsuits in federal court against the Louisiana Department of Public Safety and Corrections. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999); see also Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (the Eleventh Amendment bars federal § 1983 lawsuits against Louisiana state agencies for both money damages and injunctive relief). Because sovereign immunity deprives the Court of jurisdiction, claims barred by sovereign immunity should be dismissed without prejudice. Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

### Jena Correctional Center

The Jena Correctional Center is likewise an improper defendant. A detention facility is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. See, e.g., Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).[4]

---

[4] Of course, a plaintiff may assert § 1983 claims against the individual correctional officers who violate his constitutional rights.

<u>The Gretna Police Department</u>

Similarly, the Gretna Police Department is not a legal entity capable of being sued and, therefore, is also an improper defendant.  <u>Creppel v. Miller</u>, Civil Action No. 92-2531, 1993 WL 21408, at *1 (E.D. La. Jan. 22, 1993); <u>see also</u> <u>Causey v. Parish of Tangipahoa</u>, 167 F. Supp. 2d 898, 909 (E.D. La. 2001); <u>Manley v. State of Louisiana</u>, Civil Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001); <u>Norwood v. City of Hammond</u>, Civil Action No. 99-879, 1999 WL 777713, at *3 (E.D. La. Sept. 30, 1999).  Accordingly, plaintiff's claim against the Gretna Police Department should be dismissed.[5]

─────────────────

[5] Moreover, even if the police department were a proper defendant or even if plaintiff had sued individual Gretna police officers, any claim that he was wrongly arrested would be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck</u>, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).  The <u>Heck</u> prohibition applies with equal force when the plaintiff is facing pending criminal charges if "a judgment in favor of plaintiff would necessarily imply the invalidity of a *subsequent* conviction or sentence."  <u>Hamilton v. Lyons</u>, 74 F.3d 99, 103 (5th Cir. 1996) (emphasis added).  Claims barred by <u>Heck</u> are legally frivolous.  <u>Id.</u> at 102.

A federal judgment in plaintiff's favor on his claim that he was wrongly arrested for a crime he did not commit would necessarily imply the invalidity of any subsequent state conviction on the

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Louisiana Department of Public Safety and Corrections be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against the Jena Correctional Center and the Gretna Police Department be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of October, 2006.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

underlying criminal charge.  Therefore, Heck would bar that claim until such time as plaintiff obtains a favorable disposition on the pending criminal charge.  See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (false arrest claims barred by Heck); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997) (same), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998) (same).